**Sylvia PARKER, Candice Marie Estep, a minor by & through her guardian ad litem, Plaintiff—Appellant,**

v.

**CITY OF POMONA; William Garvey; Bill Olson; Donald Newman; Victor Lacey; Robert Gallardo, Defendants—Appellees.**

No. 02–56190.

D.C. No. CV–96–03848–WMB.

United States Court of Appeals, Ninth Circuit.

Submitted June 3, 2003.*

Decided July 7, 2003.

Before HALL, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM **

Sylvia Parker and Candice Marie Estep appeal the district court's entry of summary judgment. We affirm. Because the parties are sufficiently familiar with the factual and procedural histories of this case, we need not recount it here.

"[T]he first step" in any § 1983 litigation "is to identify the exact contours of the underlying right said to have been violated." *County of Sacramento v. Lewis,* 523 U.S. 833, 841 n. 5, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998), *citing, Graham v.*

*Connor,* 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The district court correctly identified the rights underpinning Parker and Estep's personal Fourteenth Amendment claims as rights distinct from those underpinning Mr. Estep's Fourth Amendment claims. *See Byrd v. Guess,* 137 F.3d 1126, 1133–34 (9th Cir.), *cert. denied sub nom.,* 525 U.S. 963, 119 S.Ct. 405, 142 L.Ed.2d 329 (1998), *abrogated on other grounds by Lewis,* 523 U.S. at 833, 118 S.Ct. 1708.

To prevail on their claims under the Fourteenth Amendment, plaintiffs were required to establish that Garvey's conduct "shocks the conscience." *Lewis,* 523 U.S. at 847, 118 S.Ct. 1708. This is a difficult standard to satisfy: Liability is imposed only when a plaintiff can show egregious, outrageous behavior so brutal and offensive that it conflicts with traditional ideas of fair play and decency. *Id.* at 850 & n. 8, 118 S.Ct. 1708.

Reflexive conduct in situations demanding immediate law-enforcement response generally does not constitute conduct that is considered to "shock the conscience" within the meaning of the Fourteenth Amendment jurisprudence. *See, e.g., id.* at 853–56, 118 S.Ct. 1708 (understanding as reflexive the response to a high-speed care chase); *Onossian v. Block,* 175 F.3d 1169, 1172 (9th Cir.1999) (asking whether a particular car chase necessitated rapid response); *Moreland v. Las Vegas Metro. Police Dep't,* 159 F.3d 365, 372 (9th Cir. 1998) (asking whether a particular gunfight required immediate action, not whether the particular officer meant to fire his gun).

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Applying these principles to this case, the district court correctly held that Garvey's conduct, while perhaps subject to criticism, did not satisfy the high legal standard required to maintain a suit under the Fourteenth Amendment.

AFFIRMED.